### W. T. BROOKS *v.* COMMONWEALTH.

**Criminal—Sale of Liquor on Certificate of Physician—Indictment.**

An indictment under the special Act of March 6, 1872, applying only to Rockcastle county, is insufficient which avers that "The said Brooks did * * * unlawfully sell to J. J. Williams, whisky and brandy by the quart, pint and half-pint, said sale not being made in small quantities for medical purposes on the prescription of a regular practicing physician then and there made and given," since no prescription is necessary under such act; but to justify such sale the purchaser must have a physician's certificate, and not a prescription.

#### APPEAL FROM ROCKCASTLE CIRCUIT COURT.

September 12, 1878.

OPINION BY JUDGE HINES:

This prosecution is under an act applicable only to Rockcastle County, approved March 6, 1872, and is an amendment to an act passed March 31, 1870. The second and third sections of the amendatory act is as follows: "That the second section of said act be so amended as to allow any person to sell spirituous liquors in small quantities for medical purposes; but before they shall be thus privileged to sell, they must receive the certificate of a regular practicing recognized physician, which they shall file and keep for protection."

"That before any physician shall be authorized to give a certificate for the purchase of spirituous liquors for medical purposes, he shall file with the clerk of the county court an affidavit, stating that he will not give a certificate to any person to purchase or obtain any brandy, whisky, or intoxicating liquors, or a mixture thereof, unless in his opinion the good of their health requires it, which affidavit shall be recorded by the clerk, and should any physician give any certificate without complying with this law, or any person sell without complying with the provisions of this amendment, they shall be subjected to all the pains and penalties of the original act."

The material part of the indictment found under these acts is as follows: "The said Brooks did, on the 2nd day of October, 1877,

in the county aforesaid, unlawfully sell to J. J. Williams, whisky and brandy by the quart, pint and half-pint, said sale not being made in small quantities for medical purposes on the prescription of a regular practicing physician then and there made and given, contrary to the form of the statutes," etc.

To this indictment a demurrer was filed, together with an agreed statement of facts, and the whole case submitted to the court, without the intervention of a jury, and judgment rendered against the appellant for one hundred dollars, from which an appeal was taken. The demurrer to the indictment was upon the ground only that the act under which it was found was unconstitutional. Nevertheless it is the duty of the court at any time, of its own motion, to quash or dismiss an indictment where it fails, as we think the indictment does, to charge a public offense. Every allegation in the indictment may be true, and yet appellant may be innocent of any offense under this special law. Under the law it is the certificate from the physician to the party selling that protects him, and not a prescription from the physician. The words "certificate" and "prescription" are not synonymous. "Certificate" means a written testimony to the truth of any fact, while "prescription" means the direction of remedies for disease and the manner of using them. The language used must be taken in its ordinary acceptation and the court has no power to torture it in order to bring the appellant within the statute. If the word "certificate" had been used in the indictment, to that extent it would have been good upon its face, and if the accused had attempted to justify the selling by exhibiting in evidence a paper given him by the physician it would have been for the court to determine whether it was such a paper as spoken of in the statute. The language of the statute descriptive of the offense should have been followed.

Judgment *reversed* and cause remanded with directions to dismiss the indictment.

*Sam M. Burdett, for appellant.   Moss, for appellee.*